# Campbell et al., Directors of the Poor of Fayette County *versus* Grooms.

1. Under the special Acts of Assembly relating to the poor in Fayette county, the sole remedy of a physician claiming compensation for services rendered in an emergency to one who was injured by an accident, and who was shortly thereafter, by an order of two justices, declared a pauper of said county, is by application in the first instance to the directors of the poor, and if the claim be disallowed, by appeal to the Court of Quarter Sessions.

2. The fact that the directors of the poor omit to take affirmative action upon a claim presented to them for such compensation, does not warrant the claimant in bringing suit against them for his services before a justice of the peace. The omission of the directors to allow the claim is equivalent to its rejection; they could be compelled by mandamus to make a formal entry on their books, from which an appeal could be taken to the Quarter Sessions, as provided by statute.

[Campbell *v.* Grooms.]

November 22d 1882. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ. Green, J., absent.

Error to the Court of Common Pleas of *Fayette county:* Of January Term 1882, No. 457.

This was an action, brought originally before an alderman, by J. B. Grooms against Edward Campbell, et al., directors of the poor of Fayette county, to recover the value of services rendered by the plaintiff, a physician, to one Nichols.

On the trial, before Willson, P. J., the following facts appeared: Dennis Nichols was severely injured by an accident on November 25th 1879, and was removed to his home in Bridgeport, where the plaintiff attended him for four months after that date. On December 4th 1879 two justices made an order to have said Nichols placed on the poor list of Fayette county, which order the plaintiff mailed the same day to the Directors of the Poor. On May 27th 1880, the plaintiff presented to said directors his bill for services rendered to Nichols, for $73.25. The directors took no notice of it, at least they made no entry on their minutes of its approval or rejection. The plaintiff brought suit in August 1880, before an alderman and recovered judgment, from which the defendants appealed to the Common Pleas.

The defendants requested the court to enter a non-suit, or direct a verdict for the defendants, on the ground that, a specific remedy being in such case provided by the special Act of April 16th 1846 (P. L. 348), the Court of Common Pleas has no jurisdiction in this case, the remedy being exclusively in the Court of Quarter Sessions. Refused.

The court submitted the case to the jury, and in the charge said, inter alia: " If you are satisfied from the evidence that this was a case of emergency requiring immediate medical attendance, and that the person could not be removed to the poor house without danger to his life, then so far as that emergency continued, the doctor would be entitled to recover for such services as he rendered and at such prices as would be reasonable." Verdict and judgment for the plaintiff for $79.95. The defendants took this writ of error, assigning for error, inter alia, the refusal of the court to enter a non-suit or direct a verdict for the defendants, and the portion of the charge above quoted.

*Edward Campbell* (with him *Morrow & Hertzog*), for the plaintiffs in error.

*Minor & Parshall*, for the defendant in error.

Mr. Justice Mercur delivered the opinion of the court, December 11th 1882.

[Campbell *v.* Grooms.]

The liability of the county of Fayette for the support and maintenance of the poor therein, is ascertained by reference to its special laws   Section 6 of the Act of 16th April 1846, P. L. 348, declares: "it shall be the duty of the board of directors for the county of Fayette, to examine into the claims of such person or persons as may demand relief or be removed to the poorhouse from any part of said county, and also into the claims of such persons as may have given aid or rendered services for said alleged pauper, and which shall be exhibited to the said board or to any one of said directors; and if upon investigation by said board of such claims, it shall be of opinion that such person is not entitled to relief, or such claim or claims are not proper to be allowed, it may refuse to permit such person to have the relief claimed, or the claim or claims for aid or services may be rejected; all which proceedings said board shall cause to be entered on the book of minutes of said board; and from its decision the party aggrieved may appeal by petition to the Court of Quarter Sessions of the peace for said county, which is authorized to hear and "determine the same as it may deem just and reasonable," with a right to either party to sue out a writ of error.

Thus the Act designates the same tribunal, and prescribes the same form of proceeding for fixing the liability of the county, whether the claim be for relief to an alleged pauper, or for aid given or for services rendered to one.   In each case the specific remedy is first by application to the board of directors, and if the claim be disallowed, then, by appeal to the Court of Quarter Sessions.   The remedy given is not only specific, but is the only remedy designated in the Act, for the adjudication of such claims.   Why then shall not the specific remedy given be pursued ?

The 13th section of the Act of 21st March 1806, 1 Pur. Dig. 58, declares "in all cases where a remedy is provided or a duty enjoined or anything directed to be done by any Act or Acts of Assembly of this Commonwealth, the directions of the said Acts shall be strictly pursued, and no penalty shall be inflicted or anything done agreeably to the provisions of the common law, in such cases further than shall be necessary for carrying such Act or Acts into effect."   The Act of 1846 cited does not give jurisdiction to a justice of the peace, nor to the Court of Common Pleas of the county of Fayette, to adjudicate a claim for aid given or for services rendered to an alleged pauper.   Not only does the Act expressly give jurisdiction to the Quarter Sessions but the general spirit and intent of the law favors giving to that court exclusive jurisdiction in all matters relating to the disputed liability of any poor district, for the support of an alleged pauper and for aid given and services rendered to him:   Over-

seers of Nippenose *v.* Overseers of Jersey Shore, 12 Wright 402 ; Marion Township *v.* Spring Township, 14 Id. 308 ; Directors of Blair *v.* Overseers of Clarion, 10 Norris 431.

It is undoubtedly true, in cases of emergency relief may be furnished before an order is obtained, and if necessary it may be furnished by others than the overseers and directors ; and the latter are under obligations to pay, provided an order of approval be afterwards obtained : Directors of the Poor *v.* Worthington, 2 Wright 160. But the question is by what form of proceeding? In the case last cited, and also in Directors of the Poor *v.* Malany, 14 P. F. Smith 144, a physician was permitted to recover by action in the Common Pleas, for professional attendance on a person who was a proper subject for relief, under the poor laws. In the former no question of jurisdiction was raised. In the latter it was sustained for the reason that the statute applicable to the poor in that county, did not direct proceedings to be had in the Quarter Sessions when the expenses were incurred by an individual. Therein it differed radically from the Act of 1846.

The claim now in contention is for services as a physician, rendered to one Nichols who was injured in a mine. The services were not given under the direction, or by authority of the directors of the poor. Ten days after the injury was sustained two justices made an order to have Nichols placed on the poor list of the county. It was sent to the directors. They made some inquiries about the case, but took no definite action thereon. The defendant in error continued to attend Nichols for some time thereafter, and then presented his bill to the directors. They are not shown to have passed upon it, and they made no entry on their minute book, relating thereto. It is contended that the omission of the directors to take definite action, and to·enter the same on their books, gives a right to resort to the present form of action. In this conclusion we cannot concur. The omission to allow the claim was manifestly considered by them as equivalent to its rejection. They omitted to enter their decision on the books as their duty required. No request appears to have been made for them to do so. If such request had failed to procure the entry to be made, they could have been compelled to make it by mandamus. When made the remedy should be pursued in the Quarter Sessions. It follows that this action for the services cannot be maintained, and all the assignments relating thereto are sustained. As this disposes of the case it is unnecessary to consider those relating to the order of relief.

Judgment reversed.