102    274
 25 SC  600

# Blakeslee *v.* Directors of the Poor of Chester County.

1. Where a physician and surgeon renders professional services, in a case of emergency, on the credit of his patient, who fails to pay the bill, and after several years admits himself to be a pauper, the physician cannot then recover for said services from the directors of the poor.

2. The directors of the poor in Chester county, having by the Act of April 17th 1869, sole authority "to extend relief to all poor persons entitled to receive the same," may make reasonable rules respecting relief of persons outside the house of employment, including cases of emergency. A rule requiring that in order to entitle a physician who renders relief in such case to recover for services against the directors of the poor, he shall give them written notice of such claim within three weeks after the first attendance or relief has been rendered, or after the physician acquired knowledge that the patient was a pauper, is a reasonable rule.

3. Evidence is inadmissible, on behalf of a physician claiming to recover from the directors of the poor for such services, and who failed to give such notice, that it had been customary for the directors to pay such claims, irrespective of the time when made.

[Blakeslee *v.* Directors of the Poor.]

4. If the physician did not know at the time he rendered the services that the patient was a pauper, but gave notice to the directors of his claim within three weeks after acquiring such knowledge, the question is whether he permitted an unreasonable time to elapse before ascertaining that fact. What is a reasonable time, when the facts are not in dispute, is a question of law.

5. Under the circumstances of this case, three and a half years held to be an unreasonable time.

6. Statutes relating to the liability of the directors of the poor in Chester county, reviewed.

February 5th 1883. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green and Clark, JJ.

Error to the Court of Common Pleas of *Chester county :* Of July Term 1882, No. 80.

Assumpsit, by William R. Blakeslee, M. D., against the Directors of the Poor and of the House of Employment for the county of Chester. Plea, non assumpsit.

On the trial, before Futhey, P. J., the following facts appeared : On November 13th 1877, John Mullin, a day laborer at a rolling mill in Coatesville, met with an accident while at work, whereby one of his legs was broken. The plaintiff, a physician and surgeon, was called in and attended Mullin professionally until December 31st 1877, at Mullin's own residence. The plaintiff had formerly attended him and been paid by him. After Mullin's recovery, plaintiff sent him his bill for services, which remained unpaid ; and in July 1881, Mullin told the plaintiff that owing to his poverty he was unable to pay it or any part of it. Plaintiff then within ten days presented his bill to the directors of the poor, who refused to pay it, whereupon plaintiff brought this suit.

Plaintiff offered to prove "that it had been customary, in the business relations between the directors of the poor and the plaintiff, in emergency cases, to settle the bills with him whenever those bills were presented, irrespective of the time." Objected to; objection sustained; exception.

The defendants offered in evidence the rules and regulations of the Chester County Alms House, pertaining to outdoor relief, approved by the Court of Common Pleas, February 20th 1876, one of which provided as follows :

" 2. To entitle any person to pay for medical attendance or other relief furnished to paupers in cases of emergency, the claimant must notify one of the directors, or their steward, of the case, in writing, within three weeks after the first attendance or relief has been rendered to the pauper, and also of the earliest occasion the pauper can safely be removed to the Alms House. Provided, This rule shall not apply when the pecuniary

[Blakeslee *v.* Directors of the Poor.]

circumstances of the individual relieved are not known to the physician or other person furnishing such relief. And when the circumstances of the individual relieved shall become known to the physician or other person after the attendance or other services have commenced, notice as aforesaid shall be given within three weeks after obtaining such knowledge."

Objected to, because the directors had no authority to make rules restricting their liability under the Act of Assembly. Objection overruled; exception.

The plaintiff presented, inter alia, the following points, which the court declined to affirm, viz. :—

2. "If the jury believe that at the time the services were rendered by the plaintiff, John Mullin was a person entitled to relief from the county, and that the plaintiff was ignorant of that fact, the plaintiff is entitled to recover, even although the jury believe that he did not notify the directors of the case within three weeks after obtaining such knowledge."

3. "If the jury believe that this was a case of emergency, and that the patient could not have been safely removed to the Alms House before treatment, the plaintiff is entitled to recover, even although the jury believe that he had knowledge of the patient's circumstances at the time he was called in, and did not notify the directors of the case within three weeks thereafter."

4. "The defendants had no power conferred upon them by law to make the rule relating to notice, and, therefore, it is not binding upon the plaintiff."

The court charged the jury, inter alia, as follows :—

"In view of the evidence that has been given in the case, I instruct you that if the plaintiff intended to charge the county with the expense of his medical attendance upon John Mullin, he should have informed himself, within a reasonable time after the accident, as to whether he was a person entitled to relief, and to have so notified the directors of the poor, if he found such to be the case; but not having given this notice until July or August, 1881, a period of three and a half years after the patient's recovery, it was an unreasonable length of time, and that being the fact, he did not comply with the rule requiring that when the circumstances of a patient entitling him to relief become known, notice should be given to the directors of the poor, or their steward, within three weeks after obtaining such knowledge."

Verdict and judgment for the defendants, whereupon the plaintiff took this writ of error, assigning for error the rejection of the plaintiff's offer of evidence; the admission of the rules and regulations of the directors, the refusal of the plaintiff's points, as above, and the portion of the charge above quoted.

[Blakeslee *v.* Directors of the Poor.]

*Wm. T. Barber,* for the plaintiff in error.—In the practical workings of the poor-laws of the state, experience showed that cases of emergency were continually arising, wherein immediate relief was necessary, and there was not time sufficient in which to obtain an order of relief, present it to the overseers or directors, and have the latter provide the necessary medical attendance. The courts, realizing the urgency of such cases, seized hold of the proviso contained in the 9th section of the Act of 1771, and the 6th section of the Act of 1836, as affording a means of escape from the difficulty, and held, that where, in cases of emergency, relief was furnished by outside parties, without a previous order having been first obtained, a liability attached to the overseers or directors, to pay what the services were reasonably worth, provided an order of approval were obtained subsequently. The Act of 17th April 1869 (P. L. 1146), did away with the necessity and efficacy of an order of relief or approval in Chester county : Overseers *v.* Bunn, 12 S. & R. 292 ; Overseers of South Huntington *v.* Overseers of East Huntington, 7 W. 527 ; Directors *v.* Wallace, 8 W. & S. 94 ; Directors *v.* Murry, 8 C. 178 ; Directors *v.* Worthington, 2 Wr. 160.

The liability being a statutory one, the directors cannot escape from or restrict it by rules requiring notice of claim within three weeks from the date of the accident : Directors *v.* Malany, 14 P. F. S. 151. There was no unreasonable delay by the plaintiff, after he discovered the inability of Mullin to pay, in presenting his claim to the directors. If it be claimed that he should have discovered that fact at an earlier date, that question is one which a jury must pass on : Negley *v.* Lindsay, 17 P. F. S. 226.

*Alfred P. Reid,* for the defendants in error.—The only statute imposing liability on the directors of the poor is that of 1798, creating them a corporation, which authorizes support of a pauper elsewhere than at the almshouse only in their discretion. In the exercise of such discretion, it is proper for them to make reasonable general rules and regulations ; and the rule requiring notice of claim for services rendered to a pauper outside the almshouse, is a reasonable one, and unless complied with, no legal liability attaches.

Mr. Justice TRUNKEY delivered the opinion of the court April 16th 1883.

On November 13th 1877, John Mullin fractured his leg, and the plaintiff gave him attendance until the 31st of the next month. Mullin was at his home with his wife and children. The plaintiff had visited him in 1875, visited one of his children in March 1877, and attended his wife prior to the accident, and

in confinement afterwards; but has not attended the family since February 1878. Mullin paid him for his services before the accident; has paid nothing since, and about the middle of July 1881, the plaintiff first discovered that he could not pay the bill, from his emphatic declaration that he was not able to pay. Mullin lived in a shanty made of rough boards, hardly fit for anybody to live in, and was a laborer at the rolling mill. The plaintiff charged the services to him because he expected to be paid by him at the time.

This is the plaintiff's case as narrated by himself. He knew every fact respecting Mullin's ability to pay as well in 1877 as in 1881, except the declaration of inability to pay. He gave the credit to Mullin, and in the words of his counsel, " he did not intend to charge the county. He had been paid for his visits prior to the emergency, by Mullin, and expected to be paid by him for this attendance also." There is no doubt that Mullin was poor, that the service was necessary, and that had he not been assisted through kindness, or upon his own credit, he must have been cared for at the public expense. He had not been in the almshouse, and little appears from which it can reasonably be inferred that he was a pauper in the sense of one who should be maintained by the public. The plaintiff's claim stands on a plane with any other bill for necessaries furnished to Mullin at the same time. Many a poor family in every neighborhood in case of sickness or serious injury of its head, needs assistance, which, if not freely given by neighbors, must be given by the overseers or directors of the poor. The mere fact that there was an emergency is not sufficient to entitle one who gave relief to recover its value from the poor district. If the relief was given as a charity it should so stand. If given on the credit of the recipient, the creditor shall not recover the debt from the poor district, upon finding that his debtor is insolvent. Whether the relief was a gratuity, or a charge to the recipient, or to the district, is to be determined from the evidence.

When a person is suddenly injured or taken sick, it is the moral duty of every one at hand, who can, to give immediate relief, not stopping to inquire about the helpless person's ability to reimburse expenses, or to send for the officers having charge of the poor. The persons present may be unwilling or unable to relieve gratuitously. Hence, to secure performance of the duty, the law provides that in all such cases when the relief was furnished to a poor person, the overseers or directors of the poor shall pay for the same, upon it appearing that the relief was properly chargeable to the district. It has been authoritatively settled that the legal duty to extend relief springs from the necessity of the pauper; that the law implies

[Blakeslee v. Directors of the Poor.]

a promise by the poor district to pay for his necessary care by a physician or other person in case of emergency ; and that the first object of the law is to afford ready relief, and the protection of the treasury a.secondary one.   Yet, the protection of the treasury is of so much importance that in the greater part of the state, under the general statute, and under many local ones, an order of approval of the relief by two magistrates is a prerequisite to the right of the overseers or directors to make payment.   Without such order no action would lie against the district.   The time within which it may be obtained is unlimited, but the longer the time after the giving of the relief, the more difficult it ought to be to satisfy the magistrates that it was not a gratuity, or was not actually given upon the credit of the person.

The 8th section of the Act of February 27th 1798, authorizes the Directors of the Poor of the House of Employment of the County of Chester, within certain restrictions, to permit any poor person to be maintained without said house.   The Act of April 17th 1869, gives the directors " full power and authority by themselves and their agents to extend relief to all poor persons entitled to receive the same," and takes away jurisdiction of justices of the peace to give any order for relief. Sole authority being vested in the directors, they may make reasonable rules respecting relief of persons outside the house of employment, including cases of emergency.   For the reasons given in the charge of the learned judge of the Common Pleas, it is for the public interest that the directors of the poor have prompt notice of cases of emergency.   Rule No. 2, adopted February 20th 1876, allows ample time for giving the required notice after the first attendance or relief rendered to the pauper, with suitable provision when the pecuniary circumstances of the individual relieved are unknown by the physician or other person furnishing the relief.   That is a reasonable rule, and is binding upon all persons having knowledge of it.   .

How long may a person remain ignorant of the pecuniary circumstances of the recipient of the relief, and hold the district liable by giving the notice within three weeks after obtaining knowledge?   Only for a reasonable time, which depends much upon the circumstances of each case.   The pecuniary condition of Mullin was as well known to the plaintiff when he rendered the service as at the date of the trial.   He knew that Mullin had a large family to support, was a laborer, and living in a house not worth more than five dollars, at least the plaintiff would not give over that sum for the house.   Mullin's remark, " I am not able to pay you, to say the truth, doctor," indicated that he would use his wages for other purposes.   If it added to the plaintiff's previous knowledge of Mullin's

poverty, it was too late. What is a reasonable time, when the facts are not in dispute, is a question of law.

It is hardly necessary to note that section VII. of the Act of 1798 merely relates to the removal of the paupers, by the overseers of the townships, to the house of employment as soon as completed, and for the temporary relief by the overseers, at the expense of the directors, of any who could not then be removed until such time as they could be removed. Upon completion of such removal the office was abolished, and the purpose of this section accomplished. The Act contains no express provision for cases of emergency; its spirit provides that the directors should provide for immediate relief in such cases, and establish proper rules relative to the relief, notices and claims.

The case of the Directors of the Poor *v.* Worthington, 38 Pa. St. 160, was considered precisely as if under the general statute. An order of relief was obtained from a magistrate, and it was held, as it has been in all like cases, that overseers or directors are "under obligations to pay, provided an order of approval be obtained afterwards." And it was said that if the magistrate errs, the remedy is by appeal to the Court of Quarter Sessions. So, in the Directors *v.* Malany, 64 Pa. St. 144, on the information of Malany, June 9th 1868, an order for relief was made by a justice of the peace, and the plaintiff recovered, for no rules would be superior to the order made according to the statute. But at the next session of the legislature justices of the peace were deprived of jurisdiction in such cases, and the rules adopted by the directors in 1876 are not subject to the just criticisms which had been made upon the former rules.

We are of opinion that the plaintiff's points were rightly answered, and the instructions to the jury free of error.

Evidence of the previous course of dealing between the plaintiff and the directors in emergency cases was incompetent. The directors are public officers of a municipal division of the Commonwealth, intrusted with public duties. If they and the plaintiff had previously disregarded the established rules pertaining to the conduct of the business of the poor district, it is no reason for a repeated violation. Private corporations and natural persons stand on the same footing as respects a previous course of dealing which may affect a contract; but it is not permitted that a public officer by dealings or conversations shall abrogate established rules.

Judgment affirmed.