# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Kennedy v. Poor District.

*Poor law—Liability of district—Relief order—Nonsuit—Act of 1836.*

A nonsuit is properly entered in an action to recover from a poor district for boarding furnished an alleged pauper on the order of the overseers, where the plaintiff fails to prove that an order of relief had been granted by two magistrates or that there was any emergency which required it to furnish boarding to the party named.

Argued Feb. 15, 1900. Appeal, No. 23, Feb. T., 1900, by plaintiff, in suit of Thomas E. Kennedy against La Porte township poor district, from judgment of C. P. Sullivan Co., Dec. T., 1898, No. 85, on nonsuit. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by ORLADY, J.

Assumpsit. Before DUNHAM, P. J.

It appears from the evidence that the overseers of the defendant district made a contract with plaintiff to board an alleged pauper under agreement to pay him $10.50 per month out of the funds of the district.

At the trial several offers of evidence were made to prove the contract between the plaintiff and the overseers. No evidence having been introduced to prove that an order of relief had been granted by two magistrates or that there was any

emergency which required plaintiff to furnish the boarding to the party named, the court rejected the offers of evidence to prove the contract and entered a nonsuit. Plaintiff appealed.

*Errors assigned* among others were to the rejection of plaintiff's offers of evidence to prove the contract. (11) In discharging the rule to take off nonsuit.

*E. J. Mullen,* for appellant, relied on Danville Hospital v. Bellefonte Borough Overseers, 163 Pa. 175.

*T. J. Ingham,* with him *F. H. Ingham,* for appellee.—The judicial construction put upon the act of June 13, 1836, is well expressed in the opinion of STRONG, J., in Directors of Poor v. Worthington, 38 Pa. 160. This case has been cited with approval in Campbell v. Grooms, 101 Pa. 481 : Blakselee v. Directors of the Poor, 102 Pa. 274.

The worthlessness of a contract made by overseers of the poor without statutory authority is well illustrated in the case of Gibson v. Poor District, 122 Pa. 557.

We agree, however, with the counsel for the plaintiff, that occasional circumstances may arise when, in order to give effect to the statutes, we must go beyond their letter. But such is allowable in special emergencies only, as when medical aid or other assistance is imperatively required before an order of relief can be obtained, examples of which may be found in Directors of the Poor v. Worthington, 38 Pa. 160, and Directors of the Poor v. Malany, 64 Pa. 144. But even then the rule of law is only partially relaxed, for without a subsequent order no action can be sustained against the poor district.

OPINION BY ORLADY, J., July 26, 1900 :

The plaintiff brought this action of assumpsit to recover for boarding furnished to one Gene Gautier, on the order of the overseers of the defendant poor district. On the trial, the plaintiff failed to prove that an order of relief had been granted by two magistrates or that there was any emergency which required him to furnish boarding to the party named, and on motion of the defendant, a compulsory nonsuit was entered which the court subsequently refused to take off.

The Act of June 13, 1836, P. L. 539, relating to the support and employment of the poor, provides just how a poor district shall be made liable for such charges. It is the duty of the overseers to provide with the necessary means of subsistence, such poor person who, by reason of age, disease, infirmity, or other disability, may be unable to work. The 6th section provides that "no poor person shall be entered on the poor book of any district, or receive relief from any overseers, before such person, or some one in his behalf, shall have procured an order from two magistrates of the county for the same, and in case any overseer shall enter in the proper book, or relieve such poor person without such order, he shall forfeit a sum equal to the amount or value given, unless such entry or relief shall be approved of by two magistrates as aforesaid." By section 7, the overseers are given authority to contract for a house or lodging for keeping, maintaining, and employing such poor persons, etc.

By the Act of May 23, 1893, P. L. 116, it is provided that no poor district shall be held or adjudged liable to any person for, or on account of relief of any kind or nature whatsoever, afforded by him to any poor, sick, or destitute person, for more than ten days immediately preceding the time when an order for the relief of such poor person shall have been procured and delivered to the overseers of the poor of the district where such relief shall have been afforded.

The wisdom of these statutory provisions has been considered in many cases. There is no liability to furnish relief without an order, except in cases of emergency: Directors of the Poor v. Worthington, 38 Pa. 160; Campbell v. Grooms, 101 Pa. 481. The protection to the treasury is of so much importance that in the greater part of the state, under the general statute and under many local ones, an order of approval of the relief by two magistrates is a prerequisite to the right of the overseers or directors to make payment. Without such order no action would lie against the district: Blakeslee v. Directors of the Poor, 102 Pa. 274.

Except in cases of imperative necessity, the overseers of the poor have no power to bind their districts to the repayment of money borrowed by them, even though it be once applied to a debt of the district for the payment of which it was borrowed:

Gibson v. Plum Creek Township, 122 Pa. 557. We do not think the conclusions reached in former cases are at all shaken by the case of Danville Hospital v. Overseers, 163 Pa. 175. That was an action brought by the hospital to recover from Bellefonte borough for the expenses of the care and maintenance of three insane paupers who had been placed in the hospital by the overseers of the poor of Bellefonte borough by virtue of and under authority of sections 8 to 15 inclusive of the Act of April 14, 1845, P. L. 440, which were extended to the Danville hospital by Act of March 27, 1873, P. L. 54. The court below entered judgment for the defendant non obstante veredicto on the ground that no order of relief had been obtained prior to sending the insane paupers to the hospital. The question before the Supreme Court in that case was whether under the facts therein, an order of relief was a prerequisite to a recovery, and it was held to be unnecessary for the reasons that the poor directors of the borough were the "constituted authorities having care and charge of the poor," by the very terms of the act. They had the legal right to act, in sending to the asylum "such insane persons under their charge, as they may deem proper subjects . . . . and it is they, the officials, the overseers, who are to decide as between them and the asylum what persons they regard as insane persons under their charge. It was an official function which they alone are authorized to discharge." But in the case before this court, the statutory authority of the overseers to bind the district is subject to the approval of their judgment by two magistrates. An order of relief was not necessary in that case, for the reason that the overseers had the entire authority, which under the act of 1836, is shared with the two magistrates, and since the poor directors of the borough had such exclusive control over such insane persons, and since they acted within the scope of their authority, their acts were presumed to have been rightly done, without specific proof to that effect.

The overseers of La Porte district, by ignoring their statutory duty in not taking out an order of relief, could not make the district liable however long they persisted in violating the law. The poor person was well known, and was entitled to relief, which could be furnished at public expense in but one way, that fixed by the statute. Each of the many offers made by

the plaintiff fell short of the legal requirements on which to found a recovery against the district.

The nonsuit was properly entered and the judgment is affirmed.