## Brushvalley Township Poor Directors *v.* Allegheny County Poor Directors, Appellant.

*Poor law—Order for relief—Delegation of power—Order of removal—Jurisdiction.*

An order for relief which shows on its face that the two justices which issued it did not adjudicate the circumstances of the alleged paupers, but that they directed the overseers to furnish the relief if they found the alleged pauper's " circumstances to be as represented," is invalid and creates no liability on the township in which the alleged paupers reside, nor upon the district to which they are subsequently removed. The provisions of the statute must be strictly complied with, and the justices have no power to delegate their judgment to the overseers of the poor.

The objection to such an order may be taken at any time, since the want of jurisdiction appears upon the face of the record.

Argued May 3, 1904. Appeal, No. 124, April T., 1902, by defendant, from order of Q. S. Indiana Co., June T., 1901, No. 4, affirming an order for the removal of a pauper in case of Brushvalley Township Poor District v. Allegheny County Poor Directors. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

596 POOR DIRECTORS *v.* POOR DIRECTORS, Appellant.

Statement of Facts—Opinion of the Court. [25 Pa. Superior Ct.

Appeal for order of removal. Before WHITE, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court affirming order for removal.

*D. B. Taylor*, of *Jack & Taylor*, with him *Thomas J. Ford*, for appellants.—The power of the overseers and justices is purely statutory and if they have no rightful jurisdiction, the question of jurisdiction may be raised at any time and in any form in which it may come before the court: Laporte Borough Overseers v. Hillsgrove Twp. Overseers, 95 Pa. 269 ; Poor District of Edenburg v. Poor District of Strattanville, 5 Pa. Superior Ct. 516.

This " order of relief " is not such adjudication as the law requires ; it is a mere notice to the overseers that a complaint had been made and authorizes the overseers, if they find the " circumstances to be as represented," to furnish relief. The " proper order of relief is wanting " and " the order of removal is void : " Poor District of Edenburg v. Poor District of Strattanville, 5 Pa. Superior Ct. 516.

*S. Cunningham*, for appellee, filed no printed brief.

OPINION BY ORLADY, J., July 28, 1904 :

The order for relief upon which this proceeding is founded is as follows :

" Indiana County, ss : To the overseers of the poor district of Brushvalley Township, Pa.

" Whereas, complaint hath been made unto us, two Justices of the Peace, in and for said county, by J. Wilson Thompson, agent W. P. H. S., that Mrs. Frank Kazakiewicz, and four minor children, Blanche, Joseph, Lizzie and Thomas are poor and impotent persons in destitute circumstances, sick and unable to provide for themselves, and unable to procure medical attendance, you are hereby authorized and required to take charge of the said Mrs. Frank Kazakiewicz and her four minor children, and if you find their circumstances to be as represented, furnish them with such medical and other relief as their distressed situation may call for.

" Given under our hands and seals the 28th day of January, A. D. 1901.

" M. P. KLINE, J. P.      (Seal).

" J. A. CROSSMAN, J. P." (Seal).

On March 27, 1901, one of the township overseers made complaint to two justices of the peace, stating that the alleged poor persons had not gained a settlement in the township, but had become chargeable thereto under the above quoted order for relief or maintenance, and that their last legal settlement had been in Allegheny county.

On March 28, a notice was served on both districts to appear on April 8, and show cause why the order of removal should not be granted. On the date fixed Brushvalley Township appeared but Allegheny county did not. After the hearing an order was granted for the removal of the paupers to Allegheny county.

On March 31, the notice was served on Brushvalley overseers that an appeal would be taken from the order of removal by the directors of the poor and house of employment of Allegheny county, which appeal was duly filed on June 3, 1901, and the case ordered for hearing in the court of quarter sessions on December 3. After the hearing, the court made an order holding the justices' adjudication—that the subjects were paupers—to be conclusive, and affirmed the order of removal at the cost of the appellants.

The appellants contend that the order of relief was invalid in that it delegated the decision of the standing of the alleged paupers to the overseers of the poor of Brushvalley township (" if you find their circumstances to be as represented—") when the statute required an order from the two magistrates of the county. They also offered to prove, among other things, that the paupers' names had never been entered upon the poor book of the district; that they had not received any aid or maintenance under the alleged order; that the application for relief to the overseers had been made without their knowledge or consent; that at the time the order for relief was granted the alleged pauper was living on a farm purchased by her husband for $800, and on which $600 had been paid; that the alleged pauper, at that time, had in her possession $200 in

money, and personal property. and provisions sufficient for the maintenance of herself and family. All of which offers were excluded by the court for the following reasons : first, that the magistrate's adjudication was conclusive of the fact that they were paupers and entitled to maintenance as such at the time of its issue ; second, that an order of maintenance which makes the subject of its order a pauper on the removing district cannot be questioned by the appealing district.

From the record it appears there are four terms of court in Indiana county—March, June, September and December terms —each consisting of two weeks, and beginning the first Monday of the month designating the term. It further appears that the alleged order was granted five weeks before the March session of the court, but that no effort was made to give notice, or to remove the family to Allegheny county until after the time for taking an appeal to the next term of quarter sessions had passed ; and that Allegheny county did not have any knowledge of the proceeding until served with the order of removal. The 44th section of the act of June 13, 1836, P. L. 539, provides, that " If any person shall be aggrieved by the judgment of any one or more magistrates in pursuance of this act, he may appeal to the next court of quarter sessions, for the county in which such magistrate resides, whose decision in all such cases shall be final and conclusive." On appeal the court shall proceed to hear and determine the cause upon its truth and merits : Sec. 19, act of 1836. The only relief to be had from an improper order of removal is by an appeal to the courts of the county : Sugarloaf Township Overseers v. Directors of the Poor of Schuylkill County, 44 Pa. 481 ; Overseers of Porter Twp. v. Overseers of Jersey Shore, 82 Pa. 279 ; Laporte Borough Overseers v. Hillsgrove Township Overseers, 95 Pa. 269.

Allegheny county district appealed to the next court of quarter sessions after notice had been received ; and the appellee cannot complain of delay that was due entirely to its neglect. This question is not material inasmuch as the appeal was allowed by the court and a full hearing had thereon without objection. The more important question is the validity of the order for relief, which order, the appellant rightly contends, is so irregular and illegal on its face that no liability could be fixed on Brushvalley township, hence it follows that it would

be insufficient in law to charge Allegheny county thereunder. The objection strikes at the foundation of the proceeding. The ninth section of the act of 1771, which is repeated in the act of 1836, provides " that no person shall be entered on the poor book of any district or receive relief from the overseers, before such person, or some one in his behalf, shall have procured an order, from two magistrates of the county, for the same, and in case any overseer shall enter in the proper book, or relieve such person without such order, he shall forfeit a sum equal to the amount or value given, unless such entry or relief shall be approved of by two magistrates as aforesaid." This provision is not to be understood to diminish the general obligation to provide for the poor. Its purpose was to protect the community against misappropriation of public funds. The legal duty to extend relief, from which the law raises a promise, does not spring out of the order, but out of the necessity of the pauper. In cases of emergency, relief not only may be, but must be extended without an order, and when necessary relief is furnished by others the overseers or directors are still under obligation to pay, provided an order of approval is obtained afterwards : Directors of the Poor v. Worthington, 38 Pa. 160.

In order for this plaintiff to hold the defendant liable, the provisions of the statute must be strictly followed, and the township must first show that the two magistrates of Indiana county adjudicated the fact, and that the persons named in this order of relief were in fact poor persons, within the meaning of the statute. Such an order is required when public funds are paid in emergency cases as where medical aid or other assistance is imperatively required before a relief order could be obtained ; but even then the rule of law is only partially relaxed, for without a subsequent order no action could be sustained against the poor district: Gibson v. Plum-creek Poor District, 122 Pa. 557. If the overseers and justices have no jurisdiction, the question of jurisdiction may be raised at any time and in any form in which it may come before the court: Pantall v. Dickey, 123 Pa. 431. If the order of relief did not conform to the statutory requirements, the regularity of the subsequent proceedings is unimportant. The statute requires that two magistrates of the county shall issue the order, but it does not provide for the delegation of their judgment to the overseers of

the poor even " if they should find the circumstances to be as represented." As this order of relief stands it speaks entirely for the overseers and not for the justices. The most that can be said of it is, that the complaint was made to the justices who transmitted the paper and assigned the decision of the questions to the overseers who were not bound to act upon such an order, hence it created no liability on the poor district in which the alleged paupers resided, nor upon the district to which they were subsequently removed. Under a proceeding founded thereon, an order of relief is conclusive only when the statute has been strictly followed. Before a pauper is removed it is necessary that he become chargeable, or at least likely to become chargeable to the district that undertakes to remove him, otherwise the justices have no juridiction. It has been held that where an order of relief for maintenance is issued, the township on whom it is made is bound to support the pauper until the place of his last settlement is found. From such order there is no appeal. The overseers who receive such an order are bound to obey it: Overseers of Laporte Borough v. Overseers of Hillsgrove Township, 95 Pa. 269; Blakeslee v. Directors of the Poor of Chester County, 102 Pa. 274. Many other authorities holding the same doctrine could be cited, but an examination shows that they all refer to cases in which the statute has been strictly followed, but where it is shown that the justices have no jurisdiction, or that there has been fraud in procuring the order, the formal regularities of the proceeding are of no avail: Poor District of Edenburg v. Poor District of Strattonville, 5 Pa. Superior Ct. 516; s. c., 188 Pa. 373.

The decision of the learned court below, that this order of relief concluded all investigation on the subject, was erroneous for the reason that an inspection of the order shows that the justices were without jurisdiction to make such an order, and being invalid it cannot support the order of removal issued thereon: Fowler v. Eddy, 110 Pa. 117; Commonwealth v. Barnett, 199 Pa. 161.

If want of jurisdiction appears upon the record, it can be taken advantage of at any time and in any court where the conclusiveness of the judgment is the subject of judicial inquiry. The reason for this is the fact the record of the judgment bears in its face a proof of its illegality, and shows a want of power,

in the tribunal to render it.    When it is offered as a conclusive adjudication between the parties and inspection shows that it is not, the tribunal (the two magistrates) had no power to make such an adjudication : Wall v. Wall, 123 Pa. 545.

The reasons for rejecting the subsequent offers of the evidence were consistent with the one admitting the alleged order of relief.    It was error to receive this in evidence.

.The order of the court below is reversed and a procedendo awarded.