In re Oscar Misselwitz, an Alleged Lunatic.   Appeal of
Matthias Sedlinger and C. Wesley Ruffell.

177      359
f221     ¹507

177     359
41SC¹533

*Lunacy—Appointment of receiver pendente lite—Discretion of court —Review.*

The main purpose of a commission de lunatico inquirendo is to determine in the first place whether the subject of the inquiry is a lunatic or not, and, if he is found to be a lunatic, then to provide for the safe guarding of both his person and his property. Pending the inquiry, it sometimes becomes necessary to make temporary provision for the custody and safekeeping of one or both. The appointment of such temporary custodian or receiver pendente lite to prevent mismanagement or waste of the alleged lunatic's property, etc., rests in the sound discretion of the court in which the inquiry is pending; and it requires a clear case of abuse of that discretion to justify the interposition of an appellate court.

*Appeals—Jurisdiction of Supreme and Superior Court—Limit as to amount—Evidence—Practice, C. P.*

Where there is nothing on the record to show whether the value of "the property really in controversy" is greater or less that $1,000, evidence should be presented to the lower court so that a proper certificate may be made to determine the jurisdiction of the appellate court.

Argued April 8, 1896.  Appeal, No. 308, Jan. T., 1896, by Matthias Sedlinger and C. Wesley Ruffell, from decree of C. P. No. 1, Phila. Co., Sept. T., 1895, No. 651, appointing a receiver pendente lite over the property of an alleged lunatic.  Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ: Affirmed.

Petition for the appointment of a receiver pendente lite. Before BRÉGY, J.

From the record it appeared that on November 9, 1895, Bertha Misselwitz, the wife of Oscar Misselwitz, presented her petition to the court of common pleas No. 1, for the county of Philadelphia, alleging that she was the wife of Oscar Misselwitz and that for five years last passed he had been so far deprived of his reason and understanding that he was rendered altogether unfit and incapable of governing himself, and had become incapable of managing his estate, and was wasting and destroying the same, and praying the court to order a commission in the nature of a writ de lunatico inquirendo to inquire

whether the said Oscar Misselwitz has or has not by reason of his lunacy become incapable of managing his estate. Whereupon on the same date the court appointed Francis E. Brewster, Esq., commissioner, with notice to Oscar Messelwitz or to his sons, Augustus or William Misselwitz.

On the same date Bertha Misselwitz presented another petition to the said court, reciting that on November 4, 1895, certain real estate was sold by the sheriff of Philadelphia county to satisfy a judgment against the said Oscar Misselwitz, and that there was a balance in the hands of the sheriff of about $1,000 over and above the judgment, and praying for the appointment of a receiver to prevent.the further wasting of the estate of the said Oscar Misselwitz. Whereupon the court appointed Edward D. Wadsworth, Esq., receiver pendente lite.

Subsequently Matthias Sedlinger and C. Wesley Ruffell, alleged to be attorneys in fact of Oscar Misselwitz, presented their petition to vacate the decree, whereupon the court granted a rule to show cause upon the said receiver, which rule after argument was discharged.

Matthias Sedlinger and C. Wesley Ruffell appealed to the Superior Court. (1 Super. Ct. 221.)

The case was afterwards certified to the Supreme Court by the Superior Court as follows :

No certificate having been filed by the judge of the court below who heard this case, as to the value of the property the possession of which is involved in this proceeding, and as the judge of the court below certifies that he cannot determine the amount of the estate the possession of which is in controversy, and inasmuch as by the act of the 24th of June, 1895, it must affirmatively appear from the record that the amount involved is not greater than $1,000, or a certificate to that effect must be filed by the judge whose action, order or decree is appealed from, in order to give this court jurisdiction, and as it is not possible for us to determine from the record before us that the value of the property, the possession of which is involved in this appeal, is within the jurisdiction of this court, therefore

Now, February 19, 1896, this case is certified to the Supreme Court of the commonwealth of Pennsylvania.

*Error assigned* was order appointing a receiver.

*Joseph L. Tull*, for appellants.—The decree appointing a receiver to take charge of the property of one who, in the eyes of the law, is sane until lawfully determined to be otherwise, and whose alleged insanity is denied by evidence of equal weight with that alleging it, was an unwarranted and unconstitutional invasion of the private rights of property, and wholly unjustified under the statutes of general equity jurisdiction in force in Pennsylvania: McElroy's Case, 6 W. & S. 451; Com. v. Kirkbride, 2 Brewster, 400; In re Lincoln, 1 Brewster, 392; Bushwell on Insanity, sec. 24.

The act of June 13, 1836, having constituted the lunatic's committee as the officer of the court to take charge of his property, and prescribed the exact time when this officer's authority would commence, must be strictly followed, and the appointment of no other person to perform his duties is authorized by law: Palmer v. Allen, 26 W. N. C. 514; Chicago Mining Co. v. U. S. Petroleum Co., 57 Pa. 83; Meurer's App., 119 Pa. 129.

The decree of which the appellant complains was a final one, and the present appeal is authorized: Act of February 14, 1866, P. L. 28; Schlecht's App., 60 Pa. 172.

*Henry C. Terry*, for appellee, was not heard, but argued in his printed brief.—The appellants have no status in court to object to the appointment of a receiver or enter this appeal. It appears by the record that the amount of money in controversy is greater than $1,000, exclusive of costs.

The appointment of a receiver in a lunacy case is interlocutory, and not reviewable as a final judgment: Black's Case, 18 Pa. 434.

The appointment of a receiver pendente lite under a commission de lunatico inquirendo is within the sound discretion of the court of common pleas having jurisdiction, and the discretion of the common pleas in the appointment of a receiver pendente lite was property exercised herein.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 5, 1896:

Assuming for purposes of this case that these appellants were the duly constituted attorneys in fact of the alleged lunatic, it

does not follow that either they or their principal had any just reason to complain of the appointment of a receiver of his estate pending the inquiry as to his alleged lunacy, etc., or of the refusal of the court to vacate the decree.  An examination of the record has convinced us that they had not.  The regularity of the proceedings in lunacy,—including appointment of commissioner, order as to notice of the execution of the commission, etc.,—is not questioned; nor can it be doubted that the averments contained in the supplemental petition, praying the court "to appoint a receiver to prevent the further wasting of the estate of said Oscar Misselwitz," were sufficient to justify the action of the court in making the decree thus prayed for and afterwards refusing to vacate the same.

The main purpose of a commission de lunatico inquirendo is to determine, in the first place, whether the subject of the inquiry is a lunatic or not, and, if he is found to be a lunatic, then to provide for the safe guarding of both his person and his property.  Pending the inquiry, it sometimes becomes necessary to make temporary provision for the custody and safe-keeping of one or both.  The appointment of such temporary custodian or receiver pendente lite, to prevent mismanagement, or waste of the alleged lunatic's property, etc., rests in the sound discretion of the court in which the inquiry is pending; and, it requires a clear case of abuse of that discretion to justify the interposition of an appellate court.  Nothing of that kind has been shown in this case.  On the contrary, the discretion vested in the court below appears to have been wisely exercised.  We find nothing in the record to justify the obstructive intervention of the appellants.  If protection rather than wasting the remnant of their principal's estate was their object, it could have been much better accomplished by co-operating with his wife in promoting the inquiry into his alleged lunacy and thus securing a speedy determination of that question, involving, as it did, the validity of their authority to act as attorneys in fact of the alleged lunatic.  It is alleged by appellees, and appears in their "corrected copy of docket entries," that, in less than three weeks after this appeal was taken the commissioner's report was filed finding Oscar Misselwitz a lunatic for five years and upwards prior to June 12, 1895, with lucid intervals during that period, but since said date he has been a lunatic with no lucid

intervals whatever. If that finding is sustained, the power of attorney, executed by the lunatic in September, 1895, is of no avail.

It is scarcely necessary to say that Meurer's Appeal, 119 Pa. 115, cited and relied on by appellants, has no application to the facts of this case. In that case, the question was whether a bill in equity could be resorted to as an available substitute for our special statutory mode of proceeding to determine the fact of insanity, etc. It was held that the court had no jurisdiction of the subject of insanity in the form of proceeding that was adopted in that case;—that "whatever may have been the jurisdiction and power of a chancellor, prior to the act of 1836, to inquire of and determine the fact of insanity, it is very clear that, since its passage, such inquiries must be conducted in the mode prescribed by the act and its supplements, and not otherwise." In the case before us the statutory mode of proceeding was pursued, and the only question is whether, pending the inquiry, the court had the power to prevent waste of the alleged lunatic's property. It requires neither argument nor citation of authorities to show that the court has inherent power to do what was done.

When this appeal was taken the record did not show, nor was there anything thereon by which the court could determine, whether the value " of the property really in controversy" was greater or less than $1,000, and hence the learned judge was unable to certify as required by the act of June 24, 1895. Before taking their appeal, the appellants should have presented to the court below such evidence as would have enabled it to comply with the requirement of the act. If that had been done, no delay would have been occasioned by first appealing to the Superior Court, and then being sent here. The report of the commissioner afterwards filed shows that the value of the property really in controversy exceeded $1,000, and thus the case appears to be within our jurisdiction.

But, on the merits, as we have already seen, the appellants have no case. The decree is therefore affirmed and appeal dismissed at their costs.