# Hilliard *v.* Sterlingworth Railway Supply Company, Appellant.

*Receiver—Removal of receiver—Corporations—Discretion of court—Review.*

A receiver, who is the officer of the court and whose actions are under its control, ought to be disinterested, unbiased and impartial as between the parties; and where any breach of propriety in any such respect occurs, it is the duty of the court to remove the receiver and substitute another. But in the exercise of this power the court must be guided by sound discretion under the circumstances of the particular case. No definite rule can be framed, but the power of removal is to be exercised under the broad discretionary jurisdiction of a court of equity. An appellate court will not review the exercise of such power, except in a case where there is a manifest abuse of discretion.

The action of a court in refusing to remove a receiver of a corporation will not be reversed by the appellate court, where it appears that the refusal of the court below was based partly on the ground that an application was soon to be made for a termination of the receivership, and it also appears that the matters complained of could be remedied by a surcharge of the receiver on the filing of his account on the termination of the receivership.

If a proper case for its exercise be made out, it is the right and duty of an appellate court to review the judgment of the court below as to the removal or discharge of a receiver, but this duty is one to be exercised only in cases showing a manifest abuse of discretion.

Argued March 10, 1908. Appeal, No. 76, Jan. T., 1908, by defendant, from decree of C. P. Northampton Co., April T., 1907, No. 1, discharging rule to remove a receiver in case of Clinton Hilliard et al. v. Sterlingworth Railway Supply Com-

pany, defendant, and F. W. Coolbaugh, intervenor.   Before
FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Rule to show cause why a receiver should not be removed.
Before STEWART, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in discharging rule to remove receiver.

*Samuel Scoville, Jr.,* and *Frank Reeder,* with them *Charles
H. Edmunds,* for appellant.—The court did not properly exer-
cise its discretion in refusing to remove the receiver: Schwartz
v. Keystone Oil Co., 153 Pa. 283; Williamson v. Wilson, 1
Bland, 418; French v. Pittsburg Vehicle & Harness Co., 184
Pa. 161; Handy v. Cleveland, etc., R. R. Co., 31 Fed. Repr.
689.

*F. W. Edgar,* with him *H. J. Steele,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 25, 1908:
Appellant in this case has failed to print the docket entries
in the court below, but we find from the paper-book of the
appellee that on February 12, 1907, a bill in equity was filed
by Clinton Hilliard et al. against the Sterlingworth Railway
Supply Company, a corporation.   On the same day the court
appointed William J. Kuebler receiver of the defendant cor-
poration, and the bond of the receiver was approved and filed.
On February 18, 1907, F. W. Coolbaugh, the present appel-
lant, asked leave to intervene, and on March 18, 1907, he
filed a petition, in which he was joined by other stockhold-
ers, asking the court to dissolve the receivership.   Hearing
upon the motion to dissolve was postponed from time to time,
and it does not appear that it was ever argued or disposed of.
On November 9, 1907, the court authorized a sale by the re-
ceiver, for the sum of $10,250 cash, of the machinery, tools,
appurtenances and materials of the defendant company, which
were contained in the rolling-mill and car shop departments of
the Sterlingworth plant at Easton, Pa., and directed that the
proceeds of such sale should be applied to the payment of
certain mortgage bonds of the company owned by the re-
ceiver in his individual right.   On December 5, 1907, F. W.
Coolbaugh petitioned the court to vacate the order of sale

made upon November 9 preceding, and, further, asked that the receiver be restrained from selling or removing any part of the property of the company from its premises ; and also asked for the removal of William J. Kuebler from the office of receiver.  In response to this petition rules were granted upon the receiver to show cause.  An answer was filed to the petition by the receiver, and on January 13, 1908, both rules were discharged.  The present appeal is taken by F. W. Coolbaugh from the order of the court below, discharging the rule for the removal of the receiver and dismissing the petition of appellant.

It appears from the opinion of the court below that a hearing was begun on December 23, 1907, when petitioners filed an amended petition, and that defendants moved the court to discharge the rules upon the ground of the insufficiency of the petition, and that the order of January 13, 1908, from which this appeal is taken, was based solely upon the insufficiency of the petition, which the court considered as amended. The petitioners alleged that Kuebler was appointed as receiver without notice.  That he had no experience which would qualify him properly to discharge the duties of receiver, and that he was not an impartial person.  That, after his appointment, he purchased most of the bond issue of the corporation at a price below par, and then sold the equipment of the rolling-mill and machine shop at a small fraction of its value, and applied the proceeds to the payment of the bonds at par and accrued interest.

The conclusion of the court, as set forth in its opinion, is as follows : " We have considered the matters in the petition as if no answer had been filed.  This proceeding is not one between parties.  It is addressed to the sound discretion of the court, and affects an officer of the court in his conduct of the business in the charge of the court.  He ought not to be compelled to answer matters done under decrees of the court, unless specific charges of fraud are made.  Matters alleging individual profit can be heard upon final settlement of his account.  We have also considered the fact that it was stated that the annual election of officers of this company occurs this month, and that an application would probably be made to take this corporation out of the hands of the court shortly thereafter.  As a general rule an officer of a corporation ought

never to be appointed as a receiver. We were of the impression at the time of the appointment of this receiver that as between the two contending factions he was an indifferent party, and he was also appointed because of his well-known financial responsibility and ability to secure funds upon his personal credit to operate the plant."

It goes without saying that a receiver, who is the officer of the court and whose actions are under its control, ought to be disinterested, unbiased and impartial as between the parties; and where any breach of propriety in any such respect occurs, it is the duty of the court to remove the receiver and substitute another. But in the exercise of this power the court must be guided by sound discretion under the circumstances of the particular case. No definite rule can be framed, but the power of removal is to be exercised under the broad discretionary jurisdiction of a court of equity.

In setting forth the controlling principle, the text-book writers say: " It has been held that the removal or discharge of a receiver rests within the discretion of the court. The discretion of the court referred to, however, is not an arbitrary or capricious discretion, but a lawful and reasonable discretion: " 23 Am. & Eng. Ency. of Law (2d ed.), 1128.

And, since the propriety of removing a receiver is a question for the sound discretion of the court, its decision in this respect will not ordinarily be subject to review. Thus in Alderson on Receivers, sec. 640, it is said: " Inasmuch as the appointment and removal of a receiver are matters which rest essentially in the discretion of the court, it is a general rule that a court of appeal will not review questions which have been passed upon by a lower court in relation thereto, and the rule is the same whether the one party or the other—the party of the receiver or the party opposed—attempts to prosecute the appeal."

In Milwaukee & Minnesota R. R. Co. v. Soutter, 69 U. S. 440, it was held that the removal or appointment of a receiver rested in the sound discretion of the court and was not revisable on appeal. But in a later appeal in the same case, 69 U. S. 510, it was held that while the appointment or discharge of a receiver is ordinarily matter resting wholly within the discretion of the court below, it is not always and absolutely so. In that case, however, the question was not as to the re-

moval of the receiver for cause, but as to his discharge on the ground that the purpose of the receivership had been accomplished. An order dismissing an application for his discharge was reversed and the discharge was ordered, upon compliance by the petitioners with certain requirements.

In Misselwitz Lunacy Case, 177 Pa. 359, the appeal was from a decree appointing a receiver pendente lite over the property of an alleged lunatic. The decree was affirmed, and this court said (p. 362) : " The appointment of such temporary custodian or receiver pendente lite, to prevent mismanagement or waste of the alleged lunatic's property, etc., rests in the sound discretion of the court in which the inquiry is pending ; and, it requires a clear case of abuse of that discretion to justify the interposition of an appellate court."

We have no doubt whatever but that if a proper case for its exercise be made out, it is the right and duty of an appellate court to review the judgment of the court below, as to the removal or discharge or a receiver. But we are equally clear that this duty is one to be exercised only in cases showing a manifest abuse of discretion. The application here was for the removal of the receiver. The request was refused by the court below, partly on the ground that an application was soon to be made for a termination of the receivership. This was in itself sufficient to justify the court in exercising its discretion as it did. In view of the probable speedy end to the receivership, the removal sought would have been useless and would have involved the additional expense of a new appointment for a short time only. The court also based its decision on the ground that the allegations of the petition were not sufficiently specific, with the exception of those relating to the sale of the machinery by the receiver and the application of the purchase money to the payment of the bonds held by him. In so far as the sale is concerned it appears that it was made by the order of the court, after due investigation into the facts and circumstances bearing thereon. If there be any question of surcharge as to the receiver, that may come up on the filing of his account on the termination of the receivership, and is not to be considered on this appeal.

The assignments of error are overruled, and the appeal is dismissed at the cost of appellant.