## Parke's Case.

*Lunacy—Act of May 28, 1907, P. L. 292—Receiver—Appointment of receiver—Allowance to wife.*

Under the Act of May 28, 1907, P. L. 292, it is within the sound discretion of the court of common pleas to appoint a temporary receiver of the estate of an insane or feeble-minded person, and to direct that out of an estate of $240, $3.00 a week should be paid to the wife of the lunatic, and $1.75 per week to the poor district responsible for his support in an insane asylum.

Argued Oct. 11, 1909. Appeal, No. 108, Oct. T., 1909, by the managers for the Relief and Employment of the Poor of the Township of Germantown, from order of C. P. No. 5, Phila. Co., March T., 1909, No. 2,805, appointing temporary receiver and decreeing allowance in Re Francis H. B. Parke, a Lunatic. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for appointment of temporary receiver.
Petition for allowance.

From the record it appeared that Francis H. B. Parke, a lunatic, committed to the State Hospital for the Insane at Norristown at the expense of the Germantown Poor District, had an estate of about $240 in cash.

The court entered the following decrees upon the respective petitions:

And now, to wit, April 23, 1909, upon consideration of the foregoing petition, it is ordered and decreed that Paul Reilly, temporary receiver of Francis H. B. Parke, a lunatic, do deliver possession of a small gold watch and fob in his possession to Cora W. Parke, the wife of said Francis H. B. Parke, and that the sum of $1.75 per week be paid to the managers for the Relief and Employment of the Poor of the Township of Germantown, after payment of the expenses of the temporary receivership.

And now, to wit, April 23, 1909, upon consideration of the foregoing petition, on motion of Charles A. Chase, Esq., attorney for petitioner, the court do order and decree that the sum of $3.00 per week be paid by the temporary receiver to the said petitioner, Cora W. Parke, wife of the said Francis H. B. Parke, for the maintenance and support of herself and her said minor child until further order of the court.

*Errors assigned* were the decrees of the court.

*T. Truxtun Hare* and *Henry B. Hodge*, for appellant.—The appeal in this case is not taken simply for the purpose of recovering the small fund on hand, though that remedy is sought, but for the purpose of having authoritative decision upon the subject of the personal estate of indigent lunatics.

The act of 1907 is aimed to protect the property of lunatics.

The act of 1836 takes away from a lunatic charged on a poor district his personal property, and, therefore, such lunatic has no personal property for the act of 1907 to operate upon. Such personalty is the poor district's property.

*Paul Rielly*, with him *Charles A. Chase*, for appellee.—In Misselwitz's Lunacy Case, 177 Pa. 359, and cases therein cited, it was held by the Supreme Court that it is a matter of sound discretion of the court below whether or not it will appoint a temporary custodian or receiver pendente lite to prevent mismanagement or waste of a lunatic's property.

As to the right of the court to enter the decree from which the appeal is taken, we depend upon the provisions of the Act

of assembly of May 28, 1907, P. L. 292. Under the provisions of this act, the power is expressly given to the court to make orders for the support of the wife and children of a lunatic.

OPINION BY HENDERSON, J., March 3, 1910:

The record does not disclose any facts which require a reversal of the order appealed from. The case originated under the Act of May 28, 1907, P. L. 292, providing for the appointment of a guardian for insane, feeble-minded or epileptic persons unable to care for their property, on the petition of the wife of the alleged lunatic. Pending a hearing on the primary order the court appointed a temporary receiver of the estate. Whether this should be done or not was a matter resting in the sound discretion of the court having jurisdiction of the case. The principal object of the proceeding is to provide for the care of the estate and it may be the exercise of a wise discretion to make such temporary provision. It would be necessary to make out a very clear case of abuse of discretion to warrant a reversal by this court of such an order: Misselwitz's Case, 177 Pa. 359. The receiver having been invested, then, with the custody of the property it became subject to the control of the court. The sixth section of the statute gives full power to the court appointing such guardian to make an allowance for the support of the lunatic or feeble-minded person and his wife and children. Under this authority the court made the provisional order complained of. It is not suggested that it is unreasonable or excessive, and the very moderate amount allowed would refute any such allegation. The appellant only contends that under the thirty-third section of the Act of June 13, 1836, P. L. 589, the directors are authorized to sue for and recover any real or personal property belonging to any poor person who has become chargeable to their district. Their case is made up of a petition not supported by the record of any proceeding nor is it set forth that an order of relief had been issued in favor of the alleged lunatic or that any emergency had arisen which subjected the district to liability for his care. It was held in Kennedy v. Poor District, 15 Pa. Superior Ct. 1, that there is no liability to furnish

relief without an order except in cases of emergency, and that without such order no action would lie against the district. If the case were disposed of on the line of the appellant's argument, therefore, its appeal must fail from lack of evidence showing its liability, but the subject of the appointment of a guardian has not been disposed of by the court in which it is pending, and no good reason is shown why the action of the court ought not to be sustained. When we consider the small amount of the estate which went into the hands of the receiver and the order providing for the payment of the expense of maintaining the lunatic in the event that he be committed to the asylum the intervention of this appeal can hardly be looked upon as promotive of the welfare of the ward, of his family or advantageous to the appellant. We have thought it advisable to thus dispose of the case without discussing the objection raised by the appellee that the appellant has no standing to take an appeal.

The decree is affirmed at the cost of the appellant.