## In re Henderson

*Reiley & Reiley,* for petitioner.
*Alvin L. Little,* for respondent.

WRIGHT, P. J., September 9, 1942.—We are confronted in this case with an application for the maintenance and education of a minor child of a father who has been previously declared by this court to be an incompetent. Section 6 of the Act of May 28, 1907, P. L. 292, provides that the court appointing a guardian for an incompetent shall have full power to direct an allowance for the support and maintenance of the incompetent's wife, or his or her children, and for the educa-

tion of his or her minor children. It has been held that such matter is within the sound discretion of the court of common pleas: Parke's Case, 41 Pa. Superior Ct. 531.

It appears from the testimony that the entire estate of J. Frank Henderson consists of a monthly pension allowance of $26 which is received by his guardian from the Pennsylvania Railroad Relief Association; that the guardian is paying the sum of $20 per month to the Bedford County Institution District for the board and lodging of the incompetent at the almshouse, and that the balance of the monthly income is required for the clothing, medical attention and other incidental necessities of the incompetent. It appears further that the minor child in question resides with his mother and stepfather, the mother, after procuring a divorce from the incompetent, having married another man who fully understood the obligation he was assuming.

The only authority advanced by counsel for the petitioner is section 733 of The Penal Code of June 24, 1939, P. L. 872, which is substantially a reënactment of the Act of April 13, 1867, P. L. 78, providing for a proceeding in the court of quarter sessions to compel a father to support his wife and children. The section contains, inter alia, the following provision:

"The said court . . . may order the person against whom complaint has been made, being of sufficient ability, to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife or children, or both . . ."

We have not been able to find any case arising under the Act of 1907 which is exactly in point. In all the cases which have sustained the granting of an allowance under this act the father was possessed of an ample estate. Under the Act of 1867 it has been held that the support order should be for an amount justified by the present earning ability of the father, making reasonable allowance for his own living expenses:

Commonwealth v. Cleary, 95 Pa. Superior Ct. 592; having in view the property, income, and earning capacity of the father and the condition in life of the family: Commonwealth ex rel. v. Fort, 124 Pa. Superior Ct. 151; and that in passing upon the sufficient ability of the father to pay all the attendant circumstances must be considered: Commonwealth v. Henderson, 143 Pa. Superior Ct. 347.

The County Institution District Law of June 24, 1937, P. L. 2017, defines a dependent as an indigent person requiring public care because of physical or mental infirmity, and authorizes the local authorities to care for any dependent having a settlement in the county who is not otherwise cared for. It is argued by counsel for the guardian that, if an allowance is made in this case, the guardian could not then pay the $20 per month to the Bedford County Institution District, and that in such circumstances the said district would not be permitted to care for this particular incompetent because he is not an indigent person. Without passing on that question, we have concluded in the exercise of what we trust is a sound discretion that under all the attendant circumstances in this case J. Frank Henderson is not a person of sufficient ability to support his child as contemplated by the law.

We recognize the fact that, under ordinary circumstances, a minor child is entitled to receive support from his father and, if the father's estate was of greater size, we would not hesitate to make the requested allowance. However, we feel our paramount duty under the circumstances in this case is to conserve the small income received by the guardian for the father's needs and, therefore, enter the following

### Decree

Now, to wit, September 9, 1942, the rule to show cause why the guardian of J. Frank Henderson, an incompetent, should not be directed to pay a monthly

allowance for the maintenance and education of Paul D. Henderson, the minor son of the incompetent, is hereby discharged at the cost of petitioner.