## Gertison v. Hull et al.

*Marsh, Spaeder, Baur & Marsh,* for petitioner.
*John W. English,* for respondents.

EVANS, P. J., September 11, 1947.—The prayer of the petition filed in the above-entitled case on July 3, 1947, asks for a declaratory judgment to the effect that a power of attorney, executed June 11, 1947, by Mary M. Gertison to John P. Weber, is entitled to full faith and credit in accordance with its terms. A rule to show cause was granted and a copy of the petition was served upon defendants who, it is alleged, hold for safekeeping and protection various assets belonging to Mary M. Gertison.

On the return day for the rule, defendants filed preliminary objections contending that the court has no power in this proceeding to make the decree sought. On the same day, at no. 355, September term, 1947, Elmer W. Hull, one of the above defendants, filed a petition for the examination of Mrs. Gertison and the appointment of a guardian to take charge of her property for the reason that she is of such physical and mental condition as to be unable to handle her own affairs.

The factual situation, for consideration of both petitions, was so important that both parties agreed that the present condition of Mrs. Gertison's health should be ascertained immediately. Therefore, in accordance with oral stipulations, the attorneys for Elmer W. Hull selected Dr. O. N. Chaffee, the attorneys for Mary M. Gertison selected Dr. George F. Stoney, and the court named Dr. Jack D. Utley as a committee to visit Mary M. Gertison and report their conclusions as to her mental condition.

On July 17, 1947, John A. Spaeder, Esq., appearing de bene esse for Mary M. Gertison, filed a petition objecting to the right of Elmer W. Hull to seek the appointment of a guardian. The reason for such objection was, according to the petition, that Elmer W. Hull did not come within that class of persons who, under the Act of April 1, 1925, P. L. 101, 50 PS §941, are entitled to so proceed. Also, on the same date, for the same reason, a motion was filed to dismiss the petition for the appointment of a guardian. On July 21, 1947, an answer was filed to the motion to dismiss the petition for a guardian. On the same day Mary M. Gertison, through counsel, demanded a jury trial on the question of her competency in the guardianship proceedings, and objection was made to the taking of doctors' testimony pending the disposition of this petition. Inasmuch as the doctors had made their examination and were present to report in accordance with the stipulation, the court refused to postpone the taking of their testimony. After being duly sworn, these three physicians testified that at the time of their examination, within a week previous to July 21, 1947, Mary M. Gertison was of such state of mind as to be unable to handle her affairs and likely to become the victim of designing persons.

We now, therefore, have before us for disposition the preliminary objections to the petition for declaratory judgment in the first proceeding, also Mary M.

Gertison's demand for a jury trial in the second proceeding, on the question of her mental capacity.

In an order entered this date to no. 355, September term, 1947, to which we refer in connection with our conclusions here, we appointed the First National Bank of Erie temporary receiver for Mary M. Gertison, to assume charge of her assets until the close of all litigation with respect to the necessity for and the right to appoint a guardian under the proceedings filed to that number and term. See In re Misselwitz, 177 Pa. 359; Parke's Case, 41 Pa. Superior Ct. 531.

This brings us to the consideration of the petition for declaratory judgment. The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended, 12 PS §831 et seq., is for the purpose of having the rights of parties determined where seeds of litigation are ripening and there is doubt as to what can or cannot be done to avoid litigation. Apparently, when the petition was filed there was a situation which required clarification but now, with the appointment of a temporary custodian, that necessity has been removed. The power of attorney executed by Mary M. Gertison gave John P. Weber power to make withdrawals from her savings account, make deposits therein, and care for the payment of medical and other expenses due to her illness. Such power of attorney ceases by operation of law when the person who creates it becomes mentally incompetent: The Fulton National Bank, Guardian, v. Haldeman, 29 D. & C. 331. Therefore, inasmuch as the receiver will have authority under direction of this court to transact any business for which the power of attorney was created, the right thereunder in John P. Weber ceases and there no longer remains any reason for the taking of testimony as to the mental condition of Mary M. Gertison in this proceeding.

Inasmuch as at least part of the contentions in the preliminary objections filed on behalf of Elmer W.

Hull and Howard N. Plate have merit we will sustain them without comment in view of our conclusions with regard to the necessity for a declaratory judgment on the power of attorney.

And now, to wit, September 11, 1947, the rule to show cause, granted July 3, 1947, on the petition for a declaratory judgment, is discharged; the preliminary objections, filed July 11, 1947, to the jurisdiction of this court to consider the petition for declaratory judgment, are sustained and the petition is dismissed.